UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

             Plaintiff,

v.                                                                Case No. 11-cr-20752


D-1, Orlando Gordon,                                   Sean F. Cox
D-2, Vince Shivers,                                       United States District Court Judge
D-3, Derrick Terry,
D-4, Danta Johnson,
D-7, Tamika Hodo,
D-10, Ervin Vincent,
D-11, Darnell Easterling,
D-13, Benjamin Carter,

             Defendants.
_____/

**OPINION AND ORDER**
**DENYING MOTION TO COMPEL DISCLOSURE OF GPS TRACKING DOCUMENTS**
**AND REPORTS**

Over the course of a multi-year investigation, members of a task force, which included

officers and agents from the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco and

Firearms, the Detroit Police Department and the Michigan State Police, used a variety of

investigative techniques to determine whether the Defendants took part in a large cocaine

distribution ring in Detroit. Those investigative techniques included physical surveillance, closed

circuit television surveillance, wiretaps, confidential informants, undercover agents, listening

devices, pen registry, trap and trace devices, search warrants, interviews, police reports, arrest

reports, and trash searches. The Government also utilized GPS tracking devices as one of their

1

investigative tools.

This matter is currently before the Court on Defendant Vince Shivers' ("Shivers") Motion

to Compel Disclosure of GPS Tracking Documents and Reports [Docket Entry No. 153] ("Shivers'

Motion to Compel").  Shivers' Motion to Compel was joined by Defendants Derrick Terry, Tamika

Hodo, Orlando Gordon, Ervin Vincent, Benjamin Carter, Darnell Easterling, and Danta Johnson.


In his Motion to Compel, Shivers requests that, pursuant to *United States v. Jones*, -- U.S.

--,132 S.Ct. 945, 181 L.Ed.2d 911 (2012), the Government should be ordered to disclose and/or

produce the following:

> A.     The names and government agency of every Agent or Law Enforcement
>         Officer that participated in the warrantless tracking activity;
>
> B.     The exact date and time of the warrantless activity;
>
> C.     The activity log of every Agent and Law Enforcement Officer who
>         participated in the activity referenced in the attachment to (Exhibit B);
>
> D.     The name of the Agent or Agents who supervised the Law Enforcement
>         Officers who participated in the activity referenced in the attachment to
>         (Exhibit B);
>
> E.     Copies of any tapes or any radio or electronic transmissions between Agents
>         and Officers generated as a result of the activities of the Officers involved in
>         the activity outlined in the attachment to (Exhibit B);
>
> F.     Any notes or fragmentary notes of any Agent or Law Enforcement Officer
>         involved in the activity outlined in the attachment to (Exhibit B); and
>
> G.     The Serial Number and brand name of the GPS tracking devices used by the
>         Agents or Officers in the activity referenced in the attachment to (Exhibit B).

(Docket No. 153, at 3–4.) (underlining and bolding omitted).

Exhibit B is an attachment to Shivers' Motion to Compel.  (Docket Entry No. 153-2.)  It

2

discloses the use of GPS tracking devices by the task force during its investigation into this matter,

and provides an approximation of their use, as follows:

| Driver | Vehicle | GPS tracker on | GPS tracker off |
|---|---|---|---|
| Orlando Gordon | 2004 Audi A8 (silver)<br>MI Plate #: BNK2313<br>VIN: WAUML44E44N001423 | June 2010 | July 2010 |
| Orlando Gordon | 2007 Lexus LS460 (blue)<br>MI Plate #: 7KGG71<br>VIN: JTHBL46F075022210 | November 2010 | January 2011 |
| Orlando Gordon | 2010 Audi A4 (blue/black)<br>MI Plate #: CCL1361 | August 2010 | December 2010 |
| Vince Shivers | 2011 BMW M6<br>GA Plate #: BNP0661 | November 2010 | January 2011 |
| Vince Shivers | 2007 Dodge Charger (black)<br>MI Plate #: CCV9101 | September 2010 | December 2010 |
| Derrick Terry | 1997 Hyundai Electra (red)<br>MI Plate #: 2GKS45 | August 2010 | November 2010 |
| Tamiko Hodo | 2007 Dodge Magnum (blue)<br>MI Plate #: CDM1022<br>VIN: 2D4FV47T07H728901 | July 2010 | August 2010 |
| Darren Terry | 2002 BMW 745i (black)<br>MI Plate #: BPZ8513 | June 2010 | August 2010 |

(Docket Entry No. 153-2, at 3.)

Shivers further "requests that the government be ordered to preserve for inspection and

testing the GPS devices utilized." (*Id.* at 4.)

The Government responded to request A and B by stating "[a]gents/law enforcement did not

maintain records concerning the exact date a tracking device was placed or removed on a vehicle"

and did not "maintain any reports or notes on exact dates or times when information was used from

these tracking devices in their surveillance activities." (Docket Entry No. 222, at 1–3.) As a result,

the Government stated that it "can only provide the same information it has disclosed before

concerning the approximate dates the devices were placed and removed." The Government was

referring to the chart above when it referred to "the same information it has disclosed before." The

Government also provided the names of the agents who participated in placing and/or removing the

tracking devices on the vehicles listed above, and disclosed that there were "[t]wo incidences when

law enforcement can confirm information was used in surveillance activity is November 18 - 20,

2010 (Gordon's Lexus) and December 15, 2010 (Shivers' BMW)."  (*Id.* at 3.)

The Government responded to requests C through G as follows:

C. No activity logs were maintained concerning the placement or removal of the tracking devices as listed in the table.

D. The government believes this request falls outside of its disclosure requirements.

E. No tapes or recordings exist concerning the placement or removal of the tracking devices as listed in the table.

F. No notes were maintained concerning the placement or removal of the tracking devices as listed in the table.

G. The government believes this request falls outside of its disclosure requirements.

(*Id.* at 4.)

The Court held two motion hearings on December 12, 2012, and February 22, 2013, to

address Shivers' Motion to Compel.

Furthermore, in order to more fully understand the relevance of the information that can be

extrapolated from the disclosure of the GPS devices, the Court entered an for order for supplemental

briefing on December 20, 2012.  (Docket Entry No. 253.)  Shivers responded to that order by filing

Docket Entries 257 and 258.

Because the Court concluded in its "Opinion and Order Denying Motion to Suppress Fruits

of GPS Surveillance" that Defendants Shivers and Gordon lacked standing to challenge the

placement of the GPS devices on the vehicles in this action and because the good faith exception

to the exclusionary rule applies to the officers' placement of the GPS devices on all the vehicles in

this action, the disclosures that Shivers requests and any evidence that may be extrapolated from the

actual GPS devices are not relevant to this action.

If the Court were to order the disclosure of the GPS devices used on the vehicles in this

action, it is not likely that those devices would provide any relevant information for the Court to

consider in light of its recent holding noted above.  Although the information may be relevant to

establishing where the vehicles traveled when they had the GPS devices attached to them, such

information is not relevant to establishing when the officers actually used that information.

During two evidentiary hearings held of February 1, 2013, and February 8, 2013, addressing

the issue of standing with regard to Defendant Orlando Gordon's ("Gordon") Motion to Suppress

the Fruits of GPS Surveillance [Docket Entry No. 236], in which Shivers joined, Shivers and

Orlando Gordon questioned Officer Carl Barton, Special Agent Patrick Browne, Officer Shawn

Reed, Special Agent Andrew Holt, Special Agent James Soper, Officer Adam Tardif, and Officer

Scott Harding.  The officers and agents were members of the task force that investigated the

Defendants' alleged drug trafficking activities.  Their names were previously disclosed in

Government's Response to Defendants' Motion to Compel Disclosure of GPS Tracking Documents

and Reports [Docket Entry No. 222], as the officers and agents who participated in placing and/or

removing the GPS tracking devices on and from the vehicles in this action.  The officers uniformly

stated that they did not keep any notes or records regarding the placement or removal of the GPS

devises on the vehicles in this action or their use of the tracking information.  (*See* Docket No.

301:73:17–20; Docket No. 302:33–36, 40–41, 44–45, 48–53, 87, 119.)  The Government contends

5

that no such notes or records exist, as well, in their response to Shivers' Motion to Compel.

**CONCLUSION AND ORDER**

**IT IS ORDERED** that Defendant Vince Shivers' Motion to Compel Disclosure of GPS

Tracking Documents and Reports [Docket Entry No. 153] is **DENIED**;

**IT IS FURTHER ORDERED** that the Court **DENIES** all the joinders in and/or

concurrences with Shivers' Motion to Compel [Docket Entry Nos. 155, 170, 172, 175, 180, 182,

185, 200.].

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 4, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager