UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derrick Terry,

  Petitioner,

               Criminal Case No. 11-20752
v.              Civil Case No. 16-11574

United States of America,     Sean F. Cox
                United States District Court Judge

  Respondent.
_____/

**OPINION & ORDER
DENYING § 2255 MOTION AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

  In Criminal Case Number 11-20752, Defendant/Petitioner Derrick Terry ("Terry") pleaded guilty, pursuant to a Rule 11 agreement, to one count of conspiracy to possess with intent to distribute and to distribute marijuana, cocaine, and cocaine base. This Court sentenced him to 220 months of imprisonment. Terry's conviction was affirmed on direct appeal. The matter is now before the Court on Terry's *pro se* Motion to Vacate Sentence, brought pursuant to 28 U.S.C. § 2255. Because the files and records of the case conclusively show that Terry is entitled to no relief as to the claims in this § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court. For the reasons set forth below, the Court denies the motion and declines to issue a certificate of appealability.

### BACKGROUND

  Terry was one of several defendants indicted in this drug conspiracy case. Terry was represented by appointed counsel, Lawrence Bunting.

1

On April 3, 2013, Terry pleaded guilty, pursuant to a Rule 11 Plea Agreement, to Count One of the Indictment, which charged "a violation of 21 U.S.C. §§ 841(a)(1) and § 846, conspiracy to distribute and to possess with intent to distribute controlled substances." (Rule 11 Plea Agreement, D.E. No. 384, at Pg ID 1929).

Terry's Rule 11 Plea Agreement provided that either party could withdraw from the agreement if the Court were to decide not to accept the parties' agreed sentence. (*Id*. at Pg ID 1932). It also contained an appellate-waiver provision that stated as follows:

> 6. WAIVER OF APPEAL
>
> Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposes is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

(*Id*. at Pg ID 1933).

In the Rule 11 Plea Agreement, the parties agreed that the applicable guidelines range was 235-293 months. (*Id*. at Pg ID 1930). But, pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), Terry and the Government agreed to a specific sentencing range of 216 to 240 months imprisonment. (*Id*. at Pg ID 1931).

The Judgment (D.E. No. 456), issued on October 9, 2013, reflects that Terry pleaded guilty to Count 1 of the Indictment, which charged Conspiracy to possess with intent to distribute and to distribute marijuana, cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846. Any remaining counts were dismissed. This Court sentenced Terry to a total term of imprisonment of 220 months. Thus, this Court sentenced Terry within the range specified in his Rule 11 Plea Agreement. The sentence imposed was just four months over the

agreed upon minimum sentence.

Represented by new counsel, Terry filed a direct appeal challenging his conviction. The Sixth Circuit affirmed. *United States v. Terry*, 613 F. App'x 540 (6th Cir. 2015). In his direct appeal, Terry did not challenge his sentence. *Id*. at 542 (noting that Terry "has not challenged his sentence."). In challenging his conviction, Terry argued that "his guilty plea was not knowing and voluntary because the district court failed to comply with Federal Rule of Criminal Procedure 11." *Id.* at 541. The Sixth Circuit rejected that argument and affirmed.

On May 2, 2016, Terry filed a *pro se* motion seeking relief under 28 U.S.C. § 2255. Terry also filed a brief in support of his motion.

The Government opposes Terry's Petition, asserting that it should be denied for multiple reasons. Terry filed a reply brief. Thus, the motion has been fully briefed by the parties.

On November 16, 2016, on an unrelated motion, this Court issued an "Order Regarding Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" wherein this Court reduced Terry's sentence from 220 months to 176 months of imprisonment. (D.E. No. 638).

**STANDARD OF REVIEW**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A

movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to 28 U.S.C. section 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 F. App'x 73, 76 (6th Cir. 2003). It is well established that when a defendant files a section 2255 motion, he or she must set forth facts establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). Moreover, no hearing is required where the petitioner's allegations cannot be accepted as true because they are contradicted by the record or are inherently incredible. *Ewing v. United States*, 651 F. App'x 405, 409 (6th Cir. 2016). Where, as here, the judge considering the § 2255 motion also conducted the proceedings below, the judge may rely on his recollections of those proceedings. *Id.*

Because the files and records of the case conclusively show that Terry is entitled to no relief as to the claims in his § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court.

## ANALYSIS

In his pending motion, Terry asserts that his counsel, both trial and appellate counsel, provided ineffective assistance to him.

4

Terry asserts that the ineffective assistance of his trial counsel led to Terry entering a guilty plea that was not knowing and voluntary. As an initial matter, the Court notes that the Sixth Circuit has already considered and rejected, on direct appeal, a similar argument. *See United States v. Terry*, 613 F. App'x at 541-42.

In support of his current argument that his plea was not knowingly and voluntarily made, Terry now argues that his counsel failed to advise him of the sentencing consequences of his plea. (D.E. No. 614 at Pg ID 3065-66).

As the Government notes in its response, regardless of what Terry's counsel told him, Terry was sufficiently advised by this Court during the plea hearing about the sentencing consequences of pleading guilty, as the record establishes:

> THE COURT: Okay. Sir, could you raise your right hand?
> Do you affirm the testimony you're about to give will be the truth, the whole truth, and nothing but the truth?
>
> DEFENDANT TERRY: Yes, sir.
>
> THE COURT: Now, it's my understanding, Mr. Terry, that you wish to plead guilty to Count One of the indictment with a Rule 11; is that correct?
>
> DEFENDANT TERRY: Correct.
> . . . .
>
> THE COURT: In Count One of the indictment, you're charged with conspiracy to possess and attempt to distribute and to distribute marijuana, cocaine and cocaine base, which is crack cocaine. That charge carries with it a term of incarceration of at least ten years in prison. However, that term of incarceration can be up to life in prison.
>
> DEFENDANT TERRY: Correct.
> . . . .
>
> THE COURT: Okay. Sir, have you hear the charges that have been made against you?

DEFENDANT TERRY: Yes, sir.

THE COURT: Okay. And have you discussed the charges, as well as the sentencing consequences of the charges with your lawyer?

DEFENDANT TERRY: Yes, sir.

THE COURT: And has your lawyer answered each and every question that you have regarding the charges, as well as the sentencing consequences of these charges?

DEFENDANT TERRY: Yes, sir.

THE COURT: Okay. Do you have any questions at all regarding the charges or the sentencing consequences of the charges or the charge?

DEFENDANT TERRY: No, sir.

. . . .

THE COURT: Before you signed Exhibit One, did you review Exhibit One, as well as the attached worksheets with Mr. Bunting?

DEFENDANT TERRY: Yes, sir.

THE COURT: And before you signed Exhibit One, did Mr. Bunting answer each and every question that you had regarding anything contained in the Rule 11 Agreement, as well as the attached worksheets?

DEFENDANT TERRY: Yes, sir.

THE COURT: And do you have any questions at all regarding anything contained in the Rule 11 Agreement, as well as the attached worksheets?

DEFENDANT TERRY: No, sir.

THE COURT: All right. And has Mr. Bunting answered each and every question that you've had regarding your case?

DEFENDANT TERRY: Yes, sir.

. . . .

THE COURT: All right. Now, there's a mandatory minimum, which means you have to do at least ten years in prison with this charge, with this conviction.

> Do you understand that?
>
> DEFENDANT TERRY: I understand it.
>
> THE COURT: And do you see where it reads that your guideline range is 235 to 293 months in prison; do you see that?
>
> DEFENDANT TERRY: Yes, sir.
>
> THE COURT: Now, of course, the guidelines are advisory. However, has Mr. Bunting explained to you the significance of guidelines in sentencing?
>
> DEFENDANT TERRY: Yes, sir.
>
> THE COURT: All right. Let's turn to three(a), and that's imprisonment. Mr. Graveline and Mr. Bunting, why don't you jump in right here and discuss that paragraph?
>
> MR. GRAVELINE: Yes, Your Honor. What the parties have agreed upon under Federal Rule of Criminal Procedure 11(c)(1)(C), that the parties have agreed that a specific sentence of somewhere between 216 months or 18 years to 240 months or 20 years is the appropriate sentence in this case, and if the Court accepts this Rule 11, the Court would be bound by those numbers, 216 to 240.
> . . . .
>
> THE COURT: Okay. So if I accept the Rule 11, and please listen carefully, Mr. Terry, if I accept the Rule 11, the guidelines will be 216 to 240. And if I go over 240, then Mr. Terry will have the right to withdraw his guilty plea. Is that accurate?
>
> MR. BUNTING: That's my understanding and that's what I explained to Mr. Terry, at length.
> Is that correct Mr. Terry?
>
> DEFENDANT TERRY: Correct.
> . . . .
> THE COURT: Mr. Terry – and again, do you have any questions at all regarding anything contained in the Rule 11 Agreement or the attached worksheets?
>
> DEFENDANT TERRY: No, sir.

(*See* Plea Hrg. Tr., D.E. No. 478 at Pg ID 2336-41, 2344-49). The record in this case clearly

reflects that Terry's plea was knowing and voluntary: he consented in open court to the terms of the plea agreement, he affirmed under oath that he understood the sentencing consequences of his plea agreement, and he voluntarily chose to plead guilty rather than to go to trial. (*Id*.).

Terry's claim of ineffective assistance of counsel, which is based upon allegedly inaccurate information by his counsel as to the terms of the plea agreement, is not a valid basis for relief under § 2255 where, as here, there was a proper plea colloquy. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) (explaining that a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement fails when the court had conducted a proper plea colloquy.); *see also Ewing v. United States*, 651 F. App'x 405, 409-410 (6th Cir. 2016). That is because "[t]o allow collateral attacks on guilty pleas to be based upon such claims would make every plea subject to attack and render the oral responses given in court meaningless." *Ramos*, 170 F.3d at 565.

Terry also argues that his trial counsel provided ineffective assistance of counsel at sentencing, in that he did not object to the presentence report. Specifically, Terry claims that the presentence report improperly included one point for his criminal history relating to a 1993 conviction for resisting and obstructing an officer in the 17th District Court. Terry contends that his counsel provided ineffective assistance because he failed to object to that one point.

Terry's own brief asserts that "well before" his sentencing, Terry and his adult daughter[1]

---

[1] The Court notes that Terry's brief attached what purports to be a letter from his daughter to the probation officer who prepared the presentence report. (D.E. No. 614 at Pg ID 3120). The letter is dated March 23, 2016 – which cannot be true because the presentence report was not even drafted until July of 2016. The letter itself also indicates that, contrary to the purported date on it, if it was sent at all, it was sent after Terry had been already been sentenced. (*Id*.) (asserting that the 1 point at issue raised the "Sentence that [Terry] *was given*.").

8

had concerns about this very issue and discussed it with Terry's trial counsel. (*See, e.g.* D.E. No. 635 at Pg ID 3322). Even if it is true that Terry and his counsel discussed the issue, Terry does not actually claim that he asked his counsel to object to the presentence report at sentencing and that his counsel declined to do so against his wishes. And Terry has not submitted an affidavit or declaration stating that he asked his counsel to object to the presentence report. Moreover, any such representation would be belied by the record. At sentencing, Terry affirmatively stated on the record, in open court, that he had discussed the presentence report with his attorney and that he had no objections to the presentence report:

> THE COURT: All right. Okay. Mr. Bunting, have you had the opportunity to review the presentence report with your client?
>
> MR. BUNTING: I have, your Honor. We've gone over it. We've discussed that there are no corrections or additions.
> Is that correct, Mr. Terry?
>
> DEFENDANT TERRY: Yes, sir.
>
> THE COURT: So there are no objections, additions, corrections or deletions that you wish to bring to my attention?
>
> MR. BUNTING: That's correct.
> . . . .
>
> THE COURT: Mr. Terry, have you had the opportunity to review the presentence report with your attorney?
>
> DEFENDANT TERRY: Yes, sir.
>
> THE COURT: And do you have any objections, additions, corrections or deletions that you wish to bring to my attention?
>
> MR. TERRY: No, sir.

(D.E. No. 479 at Pg ID 2359-60). Terry is bound by the statements he made in open court in response to the Court's inquiry. This claim fails.

Finally, Terry asserts that his counsel provided ineffective assistance because there were mistakes in the application of the sentencing guidelines. The Government contends that those claims are procedurally defaulted and those claims of non-constitutional error do not entitle Terry to relief. The Court agrees.

"In *Grant v. United States*, 72 F.3d 503 (6th Cir. 1996), [the Sixth Circuit] held that § 2255 relief is not ordinarily available for alleged errors in applying the sentencing guidelines." *Sutton v. United States,* 85 F.3d 629, 1996 WL 233961 (6th Cir. 1996). A defendant such as Terry who seeks to assert such claims must: 1) assert those claims in the ordinary court of trial and direct appeal, or 2) demonstrate under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), that his claims were forfeited by virtue of ineffective assistance of counsel, or 3) demonstrate that the error was committed in a context that is "so positively outrageous as to indicate a 'complete miscarriage of justice." *Sutton, supra* (quoting *Grant,* 72 F.3d at 505).

Terry did not raise his current claims at either the trial court or appellate court levels. Thus, Terry did not avail himself of the first option discussed above.

To proceed via the second option, Terry must demonstrate under *Strickland* that his claims were forfeited by virtue of ineffective assistance of counsel. "In *Strickland*, the Supreme Court articulated a two-component test that must be satisfied for a defendant to demonstrate that a counsel's performance was so defective as to require reversal of a conviction." *Lint v. Preselnik*, 542 F. App'x 472, 475 (6th Cir. 2013). "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. If the defendant succeeds in proving deficient performance, he must next show that the deficient performance was prejudicial. In the context of a plea bargain, Defendant must show "that there is a reasonable probability that, but

10

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, Terry does not claim that, but for his counsel's ineffective assistance he would have insisted on going to trial. Rather, Terry speculates that if defense counsel had discovered the alleged guideline errors, he may have been able to "renegotiate a new and better plea agreement." (D.E. No. 614 at Pg ID 3067). That argument is complete speculation. Terry has not established prejudice and, therefore, these claim are procedurally defaulted.

Finally, Terry has not established that the alleged errors resulted in a complete miscarriage of justice under the rare and extremely narrow circumstances described in *Grant*.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Terry's § 2255 Motion is **DENIED**.

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B). Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court concludes that Terry has not made such a showing. The Court therefore **DECLINES TO ISSUE** a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated: April 13, 2017                               s/Sean F. Cox
                                                                                 Sean F. Cox
                                                                                 U. S. District Judge

I hereby certify that on April 13, 2017, the foregoing document was served on counsel of record

via electronic means and upon Derrick Terry via First Class mail at the address below:

Derrick Terry 46625039
LORETTO FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
LORETTO, PA 15940

                                                                  s/J. McCoy
                                                                  Case Manager