UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Criminal Case No. 11-20752

Derrick Terry,                  Sean F. Cox
                                          United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**
**AND HIS REQUEST FOR APPOINTMENT OF COUNSEL**

In this criminal action, Defendant Derrick ("Defendant") pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal action, Defendant Derrick ("Defendant") pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to 220 months in prison. This Court later reduced Defendant's sentence to 176 months' imprisonment. (*See* ECF No. 638).

Defendant is currently serving that sentence.

Defendant filed his Motion for Compassionate Release, asking the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it. Defendant is fifty-nine years old.  Defendant claims to have recently experienced episodic difficulty in breathing and asserts that prison doctors have failed to document in his patient files that he has asthma.  He states that he has been prescribed inhalers for his condition and the "issue is currently being corrected but will take weeks or months to complete."  (ECF No. 737 at PageID.4265).  Defendant's motion asks the Court to make a ruling on the motion immediately but also asks the Court to consider appointing counsel for him, for purposes of assisting with his motion, if the Court prefers a more formal presentation of the issues.[1]

The Government concedes that Defendant has exhausted his administrative remedies but opposes the motion on the merits.

## ANALYSIS

---

[1] The Sixth Amendment secures to a criminal defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process.  *United States v. Wade*, 388 U.S. 218, 224 (1967).  The United States Supreme Court had held that a prisoner's post-conviction right to counsel extends only to the first appeal of right and no further.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Thus, the decision whether to appoint counsel for Defendant for purposes of filing a motion for compassionate release is a decision within the sound discretion of a district court.  *United States v. Stephens,* 2020 WL 3250226 at *2 (E.D. Mich. June 16, 2020).  Motions for Compassionate Release are not complex, either legally or factually, and Defendant was able to draft and file a motion on his own.  As such, the Court shall deny this request for counsel.

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted). *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, Defendant is a 59-year-old man in general good health. And even if Defendant

3

could satisfy the first eligibility threshold for compassionate release during this pandemic, the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant was convicted of a serious drug trafficking offense and has a prior criminal history that includes other felony convictions.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was serious and allowing Defendant to be released after serving less than half of his sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Request for the Appointment of Counsel and his Motion for Compassionate Release are **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 19, 2020